# SETTLEMENT AGREEMENT

This Patent License and Settlement Agreement ("**Agreement**") is made as of December 22, 2011 ("**Effective Date**") by and among Propex Operating Company, LLC, a Delaware corporation having a principal place of business at 6025 Lee Highway, Suite 425, Chattanooga, TN 37422 ("Propex"), Western Excelsior Corporation, a Colorado corporation having its corporate offices at 4609 East Boonville New Harmony Road, Evansville, Indiana 47725 ("Western"), Lumite Inc., a Georgia corporation having a principal place of business at 1515 North County Line Road, Alto, Georgia 30510 ("Lumite") and Great American Fidelity Insurance Company, 580 Walnut Street, Cincinnati, Ohio 45202 ("Great American"). Propex, Western, Lumite and Great American may each also be referred to herein as a "**Party**" and collectively as the "**Parties**."

## RECITALS

WHEREAS, Propex filed a lawsuit asserting patent infringement and trade dress infringement against Western in *Propex Operating Company, LLC v. Western Excelsior Corporation,* civil action number 1:10-cv-262 pending as of the Effective Date in the U.S. District Court for the Eastern District of Tennessee, Southern Division ("**Pending Lawsuit**");

WHEREAS, Lumite is the manufacturer of the Existing Western Product (as that term is defined in Section 1.2, *infra*. ;

WHEREAS, Great American issued its Intellectual Property Infringement Defense Cost and Damages Reimbursement Insurance Policy number 157868500 (the "Insurance Policy") on behalf of Western and Lumite; and

WHEREAS, the Parties, wishing to avoid the continued expense of litigation, have agreed to settle such Pending Lawsuit pursuant to the terms set forth below.

**NOW, THEREFORE**, in consideration of the mutual covenants, representations, warranties and other terms and conditions contained herein, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

AGREEMENT

1. DEFINITIONS.

In addition to other terms defined elsewhere herein, the following terms, as used in this Agreement, shall have the meanings indicated:

**1.1** "**Affiliate**" shall mean, as to any person, any corporation, firm, partnership, entity or other person that, directly or indirectly, controls, is controlled by (each such controlled person, a "**Subsidiary**"), or is under common control with such person, where "control" means the capacity to designate, appoint or otherwise determine the board of directors or other governing authority of such person, whether by law or in fact, and whether by (i) ownership of more than

1

CHD-587267-5

Case 1:16-cv-00035-HSM-CHS   Document 27-1   Filed 06/20/16   Page 1 of 11   PageID #: 166

Exhibit 1

fifty percent (50%) of the equity or rights or shares in profits and losses (or such lesser percentage which is the maximum allowed to be owned by a foreign corporation in a particular jurisdiction) of such person, (ii) voting rights or management contract or agreement, (iii) any other contract or agreement that grants to any other person effective control over the affairs and activities of such person, or (iv) some combination of the foregoing. "Affiliate" includes officers, directors, and employees.

**1.2 "Existing Western Product"** shall mean the inventory of existing PP5-XTREME currently held by or for Western or Lumite.

**1.3 " Propex Asserted Patents"** shall mean all patents asserted by Propex in the Pending Lawsuit, namely, United States Patent Nos. 5,616,399 and 5,567,087 (each, a "**Propex Patent**").

## 2. RELEASES AND SETTLEMENT

**2.1. Releases.**

Concurrently with the receipt of the considerations, agreements, warranties and representations set forth in this Agreement:

> (a) Propex on behalf of itself and its Affiliates (collectively for purposes of this section of the Agreement "PROPEX"), hereby releases and forever discharges Western and its Affiliates (collectively for purposes of this section of the Agreement "WESTERN") from any and all actions, causes of action, claims, liability or demands whatsoever in law or equity that it made in the Pending Lawsuit. If any of the warranties or representations by Western is untrue, then at PROPEX's sole option, the foregoing release shall be null and void, and all claims which PROPEX had against WESTERN in the Pending Lawsuit may be reasserted against Western. Nothing in this release is meant as any type of limitation or waiver of PROPEX's rights and/or causes of action against Western for Western's manufacture, importation, offer for sale and/or sale in the United States of any products other than the Existing Western Product, or any variation of the Existing Western Product that is not materially different in regard to the asserted patent and trade dress rights involved in the Pending Lawsuit.
>
> (b) Western, on behalf of itself and its Affiliates (collectively for purposes of this section of the Agreement "WESTERN"), hereby releases and forever discharges Propex and its Affiliates (collectively for purposes of this section of the Agreement "PROPEX") from any and all actions, causes of action, claims, liability or demands whatsoever in law or equity that it made in the Pending Lawsuit, subject to Section 2.3 below.
>
> (c) PROPEX, hereby releases and forever discharges Lumite and its Affiliates (collectively for purposes of this section of the Agreement "LUMITE") from any and all actions, causes of action, claims, liability or demands whatsoever in law or equity that it could have made in the Pending Lawsuit.

2

(d) LUMITE, hereby releases and forever discharges PROPEX from any and all actions, causes of action, claims, liability or demands whatsoever in law or equity that it could have made in the Pending Lawsuit, subject to Section 2.3 below.

(e) Great American, on behalf of itself and its Affiliates, hereby releases and forever discharges PROPEX from any and all actions, causes of action, claims, liability or demands whatsoever in law or equity related to or arising out of the Pending Lawsuit, including, but not limited to, any and all claims for recovery of legal fees and expenses paid or incurred by Great American in connection with the Pending Lawsuit.

**2.2 Dismissal of Pending Litigation.** Propex and Western shall direct their respective counsel to move for entry of a dismissal with prejudice of the Pending Lawsuit consistent with this Agreement and in the form attached hereto as Exhibit A (the "**Dismissal**").

**2.3 Validity and Enforceability.** The Parties did not litigate the validity of Propex's Asserted Patents in the Pending Litigation and Western and Lumite agree moving forward not to challenge Propex's Asserted Patents, including in reexamination, either directly or indirectly, unless Propex reasserts the Propex Asserted Patents in litigation against Western or Lumite.

**2.4 Attorneys' Fees and Costs.** Each Party shall be responsible for its own attorney fees and costs in connection with this Agreement and the Pending Litigation.

## 3. SELL-OFF RIGHTS and FUTURE MANUFACTURING

**3.1** Propex hereby grants to Western and its Affiliates the right to use, offer to sell, sell, or otherwise dispose of the Existing Western Products during a term of three (3) years following the Effective Date of this Agreement, on the condition that Western shall conspicuously label all rolls (including roll covers) of the Existing Western Products and all samples of the Existing Western Products, the labeling to indicate prominently that Western is the source of PP5-XTREME.

**3.2** If Western shall require any further supply of PP5-XTREME (the "Future Western Product"), it may cause more to be manufactured but with (i) the aforementioned conspicuous labeling, and (ii) a conspicuously different color on the selvage edge on both sides of the fabric by adding at least twenty (20) warp ends of such different color on each side of the fabric, so that the Future Western Product is not likely to be confused with any Propex HPTRM or Propex registered or unregistered trademarks and trade dress. Propex, Western and Lumite agree to use their best efforts to agree on the reasonableness of the changes to the selvage edges of the fabric and the prominent labeling of the Future Western Product, including on all rolls, roll covers and samples.

**3.3** If Western or Lumite becomes aware of the manufacture by anyone not a party to this Agreement, after the Effective Date of this Agreement, of any HPTRM that have the appearance of the Existing Western Product or the Future Western Product, it will notify Propex thereof.

3

## 4. PAYMENT

4.1   No payments are required by any Party to this Agreement.

## 5. TERM AND TERMINATION

The term of this Agreement shall commence on the Effective Date and shall continue in full force and effect in perpetuity.

## 6. REPRESENTATIONS, WARRANTIES AND COVENANTS

**6.1 Propex's Representations, Warranties and Covenants.** Propex represents, warrants and covenants that (a) Propex has the full power to enter into this Agreement and to perform its obligations hereunder; and (b) Propex is the owner of the entire right, title and interest in and to the Propex Asserted Patents.

**6.2 Western's Representations, Warranties and Covenants.** Western represents, warrants and covenants that: (a) Western has the full power to enter into this Agreement and to perform its obligations hereunder; and (b) Western and Lumite presently have approximately 129,000 square yards of the Existing Western Products in inventory. Upon execution of this Agreement, Western and Lumite warrant that they will not manufacture or have manufactured more rolls of the Existing Western Products (but may manufacture or have manufactured Future Western Products).

**6.3 Lumite's Representations, Warranties and Covenants.** Lumite represents, warrants and covenants that: (a) Lumite has the full power to enter into this Agreement and to perform its obligations hereunder; and (b) Lumite and Western presently have approximately 129,000 square yards of the Existing Western Products in inventory. Upon execution of this Agreement, Lumite and Western warrant that they will not manufacture or have manufactured more rolls of the Existing Western Products (but may manufacture or have manufactured Future Western Products).

**6.4 Great American's Representations, Warranties and Covenants.** Great American represents, warrants and covenants that it has the full power to enter into this Agreement and to perform its obligations hereunder.

**6.5 Disclaimer.** EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN SECTIONS 6.1 THROUGH 6.4 OF THIS AGREEMENT, NO PARTY MAKES ANY OTHER REPRESENTATIONS OR WARRANTIES, WHETHER EXPRESS OR IMPLIED.

## 7. NON-DISPARAGEMENT

7.1   While the Parties to this Agreement are not agreeing to keep the terms confidential, all Parties agree not to say or publish disparaging remarks about any other Party in regard to the Pending Litigation or the settlement as set forth in this Agreement. Propex, Western and Lumite further agree to market and promote their respective products truthfully and to not misrepresent

their own or the other Parties' products. Lumite and Western agree not to advertise this settlement except as set forth in Section 8.17.

## 8. GENERAL

**8.1 Notices.** Any notice, request, instruction, consent or other document to be given hereunder by any Party hereto to any other Party shall be in writing and shall be deemed to be properly given; (a) when delivered personally; (b) when sent by facsimile, with written confirmation of receipt; (c) five (5) business days after having been sent by registered or certified mail, return receipt requested, postage prepaid; or (d) two (2) business days after deposit with a private industry express courier, with written confirmation of receipt. All notices shall be sent to the address set forth below (or to such other address or person as may be designated by a Party by giving written notice to the other Party pursuant to this Section).

| | |
|---|---|
| Propex Operating Company, LLC<br>Attn: Office of the President<br>6025 Lee Highway, Suite 425<br>Chattanooga, TN 37422 | *With a copy to:*<br>Jeffrey S. Norwood<br>Husch Blackwell LLP<br>736 Georgia Avenue, Suite 300<br>Chattanooga, TN 37402 |
| Western Excelsior Corporation<br>Attn: Office of the President<br>4505 East Boonville New Harmony Road<br>Evansville, Indiana 47725 | *With a copy to:*<br>Rudy Telscher<br>Harness Dickey & Pierce PLC<br>7700 Bonhomme, Suite 400<br>St. Louis, MO 63105 |
| Lumite, Inc.<br>1515 North County Line Road<br>Alto, Georgia 30510 | *With a copy to:*<br>Rudy Telscher<br>Harness Dickey & Pierce PLC<br>7700 Bonhomme, Suite 400<br>St. Louis, MO 63105 |
| Great American Fidelity Insurance Company<br>580 Walnut Street<br>Cincinnati, Ohio 45202 | *With a copy to:*<br>Sandy Walker<br>IPISC<br>9720 Bunsen Parkway<br>Louisville, Kentucky 40299 |

**8.2 Governing Law.** This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the state of Tennessee (without giving effect to the laws, rules or principles thereof regarding conflict of laws).

**8.3 Dispute Resolution; Jurisdiction; Service; Enforcement.** Any dispute arising out of or related to this Agreement shall be addressed diligently and in good faith by the Parties. Each Party (a) hereby irrevocably submits itself to and consents to the exclusive jurisdiction of the

United States District Court for the Eastern District of Tennessee for the purposes of any action, claim, suit or proceeding in connection with any controversy, claim or dispute arising out of or relating to this Agreement, and (b) hereby waives, and agrees not to assert by way of motion, as a defense or otherwise, in any such action, claim, suit or proceeding, any claim that it is not personally subject to the jurisdiction of such court(s), that the action, claim, suit or proceeding is brought in an inconvenient forum, or that the venue of the action, claim,, suit or proceeding is improper.

**8.4 Relationship of Parties.** Nothing contained in this Agreement shall be deemed or construed as creating a joint venture, partnership, agency, employment or fiduciary relationship between the parties.

**8.5 Assignment.** This Agreement may not be assigned by either Party without the prior written consent of the other Party. Notwithstanding the foregoing, such other Party's consent shall not be required for any assignment to an entity that succeeds to all or substantially all of the assigning Party's business or assets relating to this Agreement, whether by sale, merger, operation of law or otherwise. This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective permitted successors and assigns.

**8.6 Further Assurances.** Each Party agrees to take or cause to be taken such further actions, and to execute, deliver and file or cause to be executed, delivered and filed such further documents and instruments, and to obtain such consents, as may be reasonably required or requested in order to effectuate fully the purposes, terms and conditions of this Agreement.

**8.7 Waiver.** A waiver, express or implied, by any Party of any right under this Agreement or of any failure to perform or breach hereof by the other Party hereto shall not constitute or be deemed to be a waiver of any other right hereunder or of any other failure to perform or breach hereof by such other Party, whether of a similar or dissimilar nature thereto.

**8.8 Severability.** If any provision of this Agreement is unenforceable or invalid under any applicable law or is so held by applicable court decision, such unenforceability or invalidity shall not render this Agreement unenforceable or invalid as a whole, and, in such event, such provision shall be changed and interpreted so as to best accomplish the objectives of the parties within the limits of applicable law or applicable court decision.

**8.9 Force Majeure.** In the event any Party hereto is prevented from or delayed in the performance of any of its obligations hereunder by reason of acts of God, war, strikes, riots, storms, fires or any other cause whatsoever beyond the reasonable control of the Party, the Party so prevented or delayed shall be excused from the performance of any such obligation to the extent and during the period of such prevention or delay.

**8.10 Bankruptcy.** All licenses, immunities, releases, agreements not to bring claims and similar rights granted under or pursuant to this Agreement are, and shall otherwise be deemed to be, for purposes of Section 365(n) of the Bankruptcy Code, licenses of rights of "intellectual property" as defined under Section 101 of the Bankruptcy Code.

**8.11 Cumulative Remedies.** The rights and remedies of the parties as set forth in this Agreement are not exclusive and are in addition to any other rights and remedies now or hereafter provided by law or at equity.

**8.12 Captions and Headings.** The captions and headings used in this Agreement are inserted for convenience only, do not form a part of this Agreement, and shall not be used in any way to construe or interpret this Agreement.

**8.13 Construction.** This Agreement has been negotiated by the parties and shall be interpreted fairly in accordance with its terms and without any construction in favor of or against any Party. Unless the context otherwise requires, whenever used in this Agreement, the singular shall include the plural, the plural shall include the singular, and the masculine gender shall include the neuter and feminine gender, and vice versa.

**8.14 Counterparts.** This Agreement may be executed (including, without limitation, by facsimile signature) in one or more counterparts with the same effect as if the parties had signed the same document. Each counterpart so executed shall be deemed to be an original, and all such counterparts shall be construed together and shall constitute one Agreement.

**8.15 No Duty to Enforce or Prosecute.** Propex shall have no obligation hereunder to institute any action, proceeding, or suit against third parties for infringement of any of its patents or to defend any action, proceeding, or suit brought by a third party which challenges or concerns the validity or infringement of any of its patents.

**8.16 Entire Agreement; Amendment.** This Agreement, including the Exhibit(s) attached hereto which are incorporated herein by reference, constitutes the entire understanding and only agreement between the parties with respect to the subject matter hereof and supersedes any and all prior or contemporaneous negotiations, representations, agreements and understandings, written or oral, that the parties may have reached with respect to the subject matter hereof. No agreements altering or supplementing the terms hereof may be made except by means of a written document signed by the duly authorized representatives of each of the Parties hereto.

**8.17 Press Release** The Parties shall agree upon a press release announcing the resolution of the litigation (e.g., stating that the Parties have amicably resolved the Pending Lawsuit).

[THIS SPACE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the Parties hereto have caused their duly authorized representatives to execute this Agreement as of the Effective Date.

| | |
|---|---|
| **Propex Operating Company, LLC** | **Western Excelsior Corporation** |
| By: *[signature]* | By: _____ |
| Name: Daniel J. Zimmerlee | Name: _____ |
| Title: EVP & CFO | Title: _____ |
| **Lumite, Inc.** | **Great American Fidelity Insurance Company** |
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |

IN WITNESS WHEREOF, the Parties hereto have caused their duly authorized representatives to execute this Agreement as of the Effective Date.

**Propex Operating Company, LLC**

By: _____
Name: _____
Title: _____

**Lumite, Inc.**

By: _____
Name: _____
Title: _____

**Western Excelsior Corporation**

By: _*Luke Snyder*_
Name: _Luke Snyder_
Title: _Vice President_

**Great American Fidelity Insurance Company**

By: _____
Name: _____
Title: _____

8

CHD-587267-5

IN WITNESS WHEREOF, the Parties hereto have caused their duly authorized representatives to execute this Agreement as of the Effective Date.

**Propex Operating Company, LLC**

By: _____
Name: _____
Title: _____

**Lumite, Inc.**

By: _*Ron Rooks*_____
Name: _RON ROOKS_____
Title: _PRESIDENT_____

**Western Excelsior Corporation**

By: _____
Name: _____
Title: _____

**Great American Fidelity Insurance Company**

By: _____
Name: _____
Title: _____

8

CHD-587267-5

IN WITNESS WHEREOF, the Parties hereto have caused their duly authorized representatives to execute this Agreement as of the Effective Date.

**Propex Operating Company, LLC**

By: _____
Name: _____
Title: _____

**Lumite, Inc.**

By: _____
Name: _____
Title: _____

**Western Excelsior Corporation**

By: _*Luke Snyder*_
Name: _Luke Snyder_
Title: _Vice President_

**Great American Fidelity Insurance Company**

By: _*Sandra Walker*_
Name: _Sandra Walker_
Title: _VP IPISC Program Mgr GAFIC_

8

CHD-587267-5